**Victor Ezequiel GODINEZ, Petitioner,**

**v.**

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–72530.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Dec. 10, 2007.

John Ayala, Esq., Cobos & Ayala Alma Cobos–Ayala, Law Offices of Cobos & Ayala, Los Angeles, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Victor Ezequiel Godinez, a native and

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provid-

citizen of Mexico and lawful permanent resident of the United States, petitions for review of the Board of Immigration of Appeals' order summarily affirming an immigration judge's ("IJ") decision finding him inadmissable and removable for participating in alien smuggling. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005), we deny the petition for review.

Contrary to Godinez's contention, the statements made to immigration officials by the alien Godinez attempted to drive across the border were admissable. The government submitted at least one letter, with a signed certificate of service bearing the witness's last address of record in Mexico, that requested the witness appear at the hearing to testify and provided paroled entry for that purpose. *Cf. Hernandez–Guadarrama v. Ashcroft*, 394 F.3d 674, 681–82 (9th Cir.2005) (government failed to satisfy its obligation to make reasonable efforts to produce witness where government deported hearsay declarant and then made no effort to produce the witness). Godinez has pointed to no evidence to convince us that the statements were the result of coercion. *See Cuevas–Ortega v. INS*, 588 F.2d 1274, 1278 (9th Cir.1979) ("the bare assertion that a statement is involuntary is insufficient" to prove coercion).

The immigration official, who interviewed the alien Godinez attempted to drive across the border, testified that the alien stated she obtained the false document she presented at the border through an arrangement with Godinez. Moreover, the IJ articulated specific and cogent rea-

sons for crediting the smugglee's statements contained in the I–213 and Record of Sworn Statement over the testimony of Godinez and his witness. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). Accordingly, substantial evidence supports the IJ's conclusion that Godinez knowingly assisted the alien's attempted entry into the United States in violation of law and was therefore inadmissable and removable. *See Moran v. Ashcroft*, 395 F.3d at 1092; 8 U.S.C. § 1182(a)(6)(E)(i).

**PETITION FOR REVIEW DENIED.**